UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WINDSOR BEACH, LLC,

    Plaintiff,

v.   Case No.: 2:25-cv-829-SPC-DNF

IMPERIAL FIRE & CASUALTY
INSURANCE COMPANY,

    Defendant.

## **OPINION AND ORDER**

Before the Court is Defendant Imperial Fire & Casualty Insurance Company's Rule 12(b)(6) Motion to Dismiss. (Doc. 15). Plaintiff Windsor Beach, LLC responded in opposition.[1] (Doc. 17). For the following reasons, the Court grants the motion.

This is an insurance dispute arising from Hurricane Ian. Plaintiff submitted a flood claim that Defendant will not fully pay. To recover the funds allegedly owed, Plaintiff sues for breach of contract. (Doc. 1).

In its motion to dismiss, Defendant argues that Plaintiff did not file suit within one year of a denial of all or part of its claim, and therefore, the suit is time-barred. (Doc. 15 at 2, 4). In response, Plaintiff contends that Defendant's

---

[1] Plaintiff names the wrong defendant (Wright National Flood Insurance Company) in the caption and body of the response. (Doc. 17 at 1). It also cites the incorrect docket entry (Doc. 20) for the motion to dismiss.

motion requires the Court to consider matters—namely, the denial letter—outside the four corners of the complaint. (Doc. 17 at 2).

A standard flood insurance policy, like here, "is provided under the terms of the National Flood Insurance Act of 1968 and its Amendments, and Title 44 of the Code of Federal Regulations." *Menster v. Allstate Ins. Co.*, No. 5:19-CV-77-OC-30PRL, 2020 WL 5534462, at *2 (M.D. Fla. Aug. 5, 2020). These regulations require a claimant to file suit "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22(a).

Plaintiff reported its loss to Defendant. But according to Plaintiff, Defendant refuses "to pay either part or all of the Plaintiff's Claim."[2] (Doc. 1 ¶ 18). On April 19, 2023, Defendant mailed Plaintiff a letter, issuing partial payment.[3] (Doc. 15-2). The letter also denied a portion of the claim:

> The adjuster tells us there was damage to your deck around the dwelling, boat dock, and boat lift. The Standard Flood Insurance Policy (SFIP) tells us decks, boat docks and boat lifts are not covered by the SFIP so your claim for payment to repair or replace your deck, boat dock, and boat lift is denied.

---

[2] Plaintiff's allegations are somewhat contradictory. On one hand, Plaintiff alleges that Defendant "has refused to pay *any* insurance benefits to Plaintiff for the Claim." (Doc. 1 ¶ 17) (emphasis added). On the other hand, it alleges that Defendant "has refused and continues to refuse to pay *either part or all* of the Plaintiff's Claim." (*Id.* ¶ 18) (emphasis added). Regardless, the muddled pleading does not affect the Court's analysis or conclusion.
[3] A subsequent partial denial letter was mailed to Plaintiff on June 29, 2023. (Doc. 15 at 4 n.6 (citing Doc. 15-3)).

(*Id.* at 3).

Plaintiff does not dispute the timeline above. Nor does it contest the validity or authenticity of the denial letter. (*See* Doc. 17). Rather, it argues the denial letter, which Defendant attached to its motion as an exhibit, is extraneous evidence that the Court cannot consider at this stage of the litigation. In Plaintiff's view, "to determine compliance with the statute of limitations, the Court must go outside the four corners of the Complaint." (*Id.* at 3). And Plaintiff argues that the "incorporation by reference" doctrine does not apply. (*Id.* at 4).

"Generally, only the four corners of the complaint may be considered in ruling on a motion to dismiss pursuant to Rule 12(b)(6)." *Wittenberg v. Judd*, No. 8:17-CV-467-T-26AEP, 2017 WL 1399817, at *3 (M.D. Fla. Apr. 19, 2017). But there are several exceptions to this rule. *See Brown v. S. Fla. Fishing Extreme, Inc.*, No. 08-20678CIV-GOLDMCAL, 2008 WL 2597938, at *1 (S.D. Fla. June 27, 2008). Relevant here, "a document outside the four corners of the complaint may . . . be considered" as incorporated by reference if it "is central to the plaintiff's claims and is undisputed in terms of authenticity," regardless of whether it is "mentioned in" or "attached to" the complaint. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

This case is not a close call. The April 2023 denial letter falls within the incorporation-by-reference doctrine. It is central to Plaintiff's case because it

3

is the denial it seeks to challenge. *See D'Ambrosio v. Am. Bankers Ins. Co. of Fla.*, No. 2:25-CV-155-KCD-NPM, 2025 WL 2841172, at *2 (M.D. Fla. Oct. 7, 2025) (considering flood claim denial letter not mentioned in complaint). And Plaintiff does not challenge the letter's authenticity. "So the Court considers it." *Price v. Wright Nat'l Flood Ins. Co.*, No. 2:24-CV-914-SPC-KCD, 2025 WL 487627, at *1 (M.D. Fla. Feb. 13, 2025).

Defendant's denial letter triggered the one-year limitations period. *See D'Ambrosio*, 2025 WL 2841172, at *1 (citing *Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *3 (M.D. Fla. Apr. 17, 2025) ("[A] denial letter is a proper disallowance that triggers the one-year limitation period[.]")). Plaintiff filed suit on September 18, 2025. So this case, filed over two years after the April 2023 letter, is time-barred.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 15) is **GRANTED**.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to enter judgment accordingly, deny all pending motions as moot, terminate any deadlines, and close the case.

5

**DONE** and **ORDERED** in Fort Myers, Florida on December 30, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

5